UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re: VILLONA MARYASH

1:23-CV-7524 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Villona Maryash, who is appearing *pro se*, commenced this action by filing a complaint

that is comprised of a letter with attachments that include orders issued by the New York Family

Court, Kings County.[1] It is unclear against whom Maryash brings this action, and she seeks

unspecified relief.

By order dated October 13, 2023, the Court granted Maryash's request to proceed *in*

*forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the

Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is

---

[1] Under Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, court submissions that refer to the name of a minor child must do so by using only the child's name's initials. *See* Fed. R. Civ. P. 5.2(a)(3). Under Rule 5.2(a)(2), court submissions that refer to a person's date of birth must refer only to the person's birth year and not to the exact date of birth. *See* Fed. R. Civ. P. 5.2(a)(2). Maryash has attached to her complaint documents that reveal at least one minor child's full name and two persons' dates of birth, and her *in forma pauperis* application also reveals the full name of at least one minor child. Accordingly, in an abundance of caution, the Court has directed the Clerk of Court to restrict electronic access to those submissions to a "case participant-only" basis.

obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009),

and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of*

*Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted,

emphasis in original).

## BACKGROUND

Maryash's complaint seems to be a criticism of decisions of a Family Court Judge, a

Family Court Child Custody Referee, and/or a Family Court Child Support Magistrate with

respect to Maryash's child custody and/or child support proceedings that are either pending in

the New York Family Court, Kings County, or that have concluded in that court. Maryash

asserts, among other things, the following:

> Judge, don't you understand that the child is in danger, that he is neglected, that
> he is left to his own devices, that he is in danger of being left alone, and he can do
> whatever he wants and bad things too, he can make friends with bad people. He
> can go to crime or use drugs, because everything is allowed to him. And he still
> likes it. He thinks so. But he does not understand that in the future this can ruin
> his whole life. It was cruel and inhuman to me as a mother and to my children,
> who were left without my support and love.
>
> It was especially cruel to my children, because they were told that if they tried to
> meet (if my kids) their mother, they could put her in jail. Who kidnap[p]ed my
> children. They gave me, and the lawyer, who did not deal with my cases,
> specifically told the judge that he would not deal with my cases, and the judge
> knew that the lawyer they gave me was useless and could not help me in any way,
> and at the same time they did not want to give me another lawyer who could help
> me in any way. That's why I always had to fight this lawlessness myself.
>
> They sent me a lawyer who destroyed all the most important documents that I
> provided for the court that could help me in this case.
>
> The referee gave me a lawyer who was only listed in the system on the computer,
> but in fact he did not take any part in providing me with any legal services for my
> defense. So that I end up in court without any legal protection.
>
> I don't have any history of alcohol or drug abuse for 52 years. No history of
> mental diseases no history of behavioral problems and disorders, and criminal

history for my 52 years, [d]ue to Covid 19, [i]t was a [v]irtual court, all 3 years, I can not see my kids. There is no any history of child abuse or neglect. [*sic*]

(ECF 1, at 2.)

Thus, the Court understands Maryash's complaint as requesting that this Court intervene in Maryash's pending Family Court proceedings or, if concluded, to overturn final decisions of that court with respect to those proceedings. In addition, Maryash may also be seeking the criminal prosecution of others.

## DISCUSSION

### A.    *Younger* abstention doctrine

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court of the United States held that a federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See also Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 404 U.S. 37). Application of the *Younger* abstention doctrine has been extended to the three following categories of state court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions"; and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'n, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013) ("*Sprint*"). Courts have held that pending state court child custody and child support proceedings involve at least one of the circumstances mentioned in *Sprint* in which the *Younger* abstention doctrine should be applied. *See Falco v. Justices of the Matrim. Parts of Sup. Ct. of Suffolk Cnty.*, 805 F.3d 425, 427-28 (2d Cir. 2015) ("Falco's federal lawsuit implicates the way that New York courts manage their own divorce and custody proceedings – a subject in which 'the states have an especially strong interest.' . . . The circumstances of this case therefore clearly fall within *Sprint's* third category." (citation

omitted)); *Francis v. Dep't of Soc. Servs.*, No. 1:22-CV-6860, 2023 WL 5096145, at *4 (E.D.N.Y. Aug. 9, 2023) ("The merits of that appeal – challenging both the Family Court order and Francis's need to exhaust administrative remedies through [the Department of Social Services] – implicate New York's state interest in managing and enforcing child support payments."); *Perso v. Perso*, No. 19-CV-2858, 2019 WL 4415399, at *3 (E.D.N.Y. Sept. 13, 2019) (same as to ongoing state court divorce and child support proceedings); *Tomczyk v. N.Y. Unified Court Sys.*, No. 19-CV-2753, 2019 WL 2437849, at *3 (E.D.N.Y. June 10, 2019) (same); *Bowman v. Morris*, No. 8:19-CV-0097, 2019 WL 5150196, at *6 (N.D.N.Y. Apr. 10, 2019) ("[T]o the extent that the child support issues are continuing in Family Court, the Court should abstain from interfering with that process."), *report & recommendation adopted*, 2019 WL 3759174 (N.D.N.Y. Aug. 9, 2019); *Gravagna v. Eisenpress*, No. 19-CV-0700, 2019 WL 1469289, at *2 (S.D.N.Y. Apr. 2, 2019) ("[T]his Court must abstain under *Younger* from interfering in Plaintiff's ongoing state-court proceedings[] involving child custody and child support issues and 'implicat[ing] a State's interest in enforcing the orders and judgments of its courts.'" (citation omitted)); *Brock v. City of New York*, No. 19-CV-0957, 2019 WL 438356, at *3 (E.D.N.Y. Feb. 4, 2019) (applying *Younger* abstention to a claim in which the plaintiff asked the federal district court "to enjoin [a New York City official] from continuing to prosecute [the plaintiff's] child support obligations in New York family court" because "actions to enforce child support orders implicate important state interests").

Maryash has not alleged any facts showing that, inasmuch as her child custody or child support proceedings are pending in the New York Family Court, Kings County, that bad faith, harassment, or irreparable injury that is both serious and immediate has occurred with respect to

those proceedings. Thus, to the extent that Maryash asks this Court to intervene in either of those

pending proceedings, the Court dismisses those claims under the *Younger* abstention doctrine.[2]

**B.      The *Rooker-Feldman* doctrine**

To the extent that Maryash asks this Court to overturn a final order or judgment issued in

her concluded child custody or child support proceedings in the New York Family Court, Kings

County, the *Rooker-Feldman* doctrine requires the dismissal of her claims for such relief. Under

the *Rooker-Feldman* doctrine, a federal district court lacks authority to review a final state court

order or judgment where a litigant seeks relief that invites the federal district court to reject or

overturn such a final state court order or judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus.*

*Corp.*, 544 U.S. 280, 291-92 (2005); *see also Verizon Md., Inc. v. Pub. Serv. Comm'n*, 535 U.S.

635, 644 n.3 (2002) ("The *Rooker-Feldman* doctrine . . . recognizes that 28 U.S.C. § 1331[,] [the

statute granting federal district courts' federal question jurisdiction,] is a grant of original

jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-

court judgments . . . ."); *Dorce v. City of New York*, 2 F.4th 82, 101 (2d Cir. 2021) (The *Rooker-*

---

[2] In 1990, in *American Airlines, Inc. v. Block*, the United States Court of Appeals for the Second Circuit instructed federal district courts to abstain from exercising federal question jurisdiction of claims involving domestic relations issues, so long as those claims could be fully and fairly determined in the state courts. *See* 905 F.2d 12, 14 (2d Cir. 1990). For example, a federal district court should abstain from exercising its federal question jurisdiction over claims in which it is "asked to grant a divorce or annulment, determine support payments, or award custody of a child." *Id.* (internal quotation marks and citation omitted). Two years after the Second Circuit issued its decision in *American Airlines*, the Supreme Court of the United States held, in *Ankenbrandt v. Richards*, that a previously recognized exception to the federal district courts' subject matter jurisdiction "divests the federal courts of power to issue divorce, alimony, and child custody decrees" in actions brought under a federal district court's diversity jurisdiction. 504 U.S. 689, 703 (1992). On October 30, 2019, the Second Circuit, in *Deem v. DiMella-Deem*, held that regardless of the Supreme Court's holding in *Ankenbrandt*, its own previous holding in *American Airlines* remains good law. 941 F.3d 618, 621 (2d Cir. 2019). Thus, notwithstanding whether this Court is considering this action under its federal question or diversity jurisdiction, it must either abstain from considering, or lacks subject matter jurisdiction to consider, any request by Maryash to issue either a child custody or child support decision.

*Feldman* doctrine "bars federal district courts from hearing cases that in effect are appeals from state court judgments, because the Supreme Court [of the United States] is the only federal court with jurisdiction over such cases." (citing 28 U.S.C. § 1257))); *Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002) ("The [*Rooker-Feldman*] doctrine reflects the principle set forth in 28 U.S.C. § 1257 that the Supreme Court [of the United States] is the only federal court that has jurisdiction to review state court judgments, unless otherwise provided by Congress, *see, e.g.,* 28 U.S.C. § 2254 (habeas corpus review)." (citation omitted)). The *Rooker-Feldman* doctrine "precludes a United States district court from exercising subject-matter jurisdiction. . . ." *Exxon Mobil Corp.*, 544 U.S. at 291. This includes when a litigant seeks relief that invites a federal district court to reject or overturn a final decision of a New York Family Court as to a child custody or child support dispute brought in that state court. *See, e.g.*, *Legister v. Radowitz*, No. 1:20-CV-9330, 2020 WL 7405672, at *3 (S.D.N.Y. Dec. 16, 2020) (child support order); *Mortimer v. Wilson*, No. 15-CV-7186, 2020 WL 3791892, at *18-19 (S.D.N.Y. July 7, 2020) (*Rooker-Feldman* doctrine did not apply to due process claim for damages that did not seek to have temporary child removal order rejected, undone, or otherwise modified).

District court review of claims is barred under the *Rooker-Feldman* doctrine when four requirements are met: (1) the litigant lost in state court; (2) the litigant complains of injuries caused by a final state court order or judgment; (3) the litigant invites district court review and rejection of the final state court order or judgment; and (4) the final state court order or judgment was rendered before the district court proceedings commenced. *Dorce*, 2 F.4th at 101 (internal quotation marks and citation omitted).

Inasmuch as Maryash criticizes the final child custody or child support decisions of the New York Family Court, Kings County, with regard to her concluded proceedings in that court,

in an effort to request that this Court overturn those final decisions, the *Rooker-Feldman* doctrine

bars this Court from granting Maryash such relief. The Court therefore dismisses any claims that

essentially challenge final decisions of the New York Family Court, Kings County, with regard to

Maryash's concluded child custody or child support proceedings in that court, under the *Rooker-*

*Feldman* doctrine, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Exxon*

*Mobil Corp.*, 544 U.S. at 291.

### C.    Private prosecution

Maryash may be seeking the criminal prosecution of others. (*See* ECF 1, at 2) (appearing

to assert that someone kidnapped her children). If that is the case, the Court must dismiss her

claims for such relief. Maryash cannot initiate a prosecution in this court because "the decision to

prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83,

86-87 (1981). Neither Maryash nor the Court can direct prosecutors to initiate a criminal

proceeding against anyone because prosecutors possess discretionary authority to bring criminal

actions and they are "immune from control or interference by citizen or court. . . ." *Conn. Action*

*Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, because Maryash

lacks standing to cause the criminal prosecution of others, *see Linda R.S. v. Richard D.*, 410 U.S.

614, 618-19 (1973), the Court dismisses, for lack of subject matter jurisdiction, any claims in

which Maryash seeks the criminal prosecution of anyone, *see* Fed. R. Civ. P. 12(h)(3); *Mahon v.*

*Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If [a] plaintiff[ ] lack[s] Article III standing,

a [federal] court has no subject matter jurisdiction to hear [his] claim." (internal quotation marks

and citation omitted)).

### D.    Leave to amend is denied

Federal district courts generally grant a *pro se* litigant an opportunity to amend a

complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill*

*v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Maryash's complaint cannot be cured with an amendment, the Court declines to grant Maryash leave to amend his complaint.

## CONCLUSION

The Court dismisses this action for the reasons discussed above.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to issue a judgment dismissing this action.

SO ORDERED.

Dated:    November 6, 2023
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge